DA 11-0143

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 237N

LEN WALLACE,

      Plaintiff and Appellant,

  v.

NORMAN HAYES, MAGTRAC BOLUS PARTNERSHIP,
GERALD HILL, LUCILLE HILL, JACK HEYNEMAN,
JOHN HEYNEMAN, and RODNEY J. HAYES,

      Defendants and Appellees.

| | |
|---|---|
| APPEAL FROM: | District Court of the Thirteenth Judicial District, In and For the County of Yellowstone, Cause No. DV 01-0882 Honorable Gregory R. Todd, Presiding Judge |

COUNSEL OF RECORD:

      For Appellant:

          Len Wallace (Self-Represented), Coeur d'Alene, Idaho

      For Appellee:

          Tom Singer, Axilon Law Group, PLLC, Billings, Montana

Submitted on Briefs: August 24, 2011

Decided: September 20, 2011

Filed:

_____
                Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Len Wallace, a self-represented litigant, appeals the Thirteenth Judicial District Court's denial of a motion seeking the release of a protective order and injunction and remand to the District Court for a hearing on allegations of fraud. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 On October 29, 2001, Plaintiff Len Wallace, represented at the time by counsel, filed a complaint in District Court against Norman Hayes, MagTrac Bolus Partnership, Gerald Hill, Lucille Hill, Jack Heyneman, John Heyneman, and Rodney J. Hayes, alleging fraud, negligent misrepresentation, and breach of partnership obligations. Defendants generally denied the claims, asserted affirmative defenses, and invoked the partnership agreement's binding arbitration clause.

¶4 The District Court ordered the matter to arbitration pursuant to paragraph 18 of the MagTrac Bolus Operating Agreement governing arbitration. The Arbitrator issued his Decision and Award on July 31, 2003, awarding MagTrac Bolus, LLC a $2.5 million judgment against Wallace for nominal and exemplary damages and requiring Wallace to indemnify a number of Defendants for all legal costs and expenses, including attorney fees.

2

¶5     In proceedings subsequent to the entry of the Arbitrator's final order, Wallace subpoenaed documents from and deposed an individual named Hommes, over Defendants' objection.  In the deposition, he procured documents ostensibly containing trade secrets and other confidential information.  Upon Defendants' application, the District Court entered a Protective Order on May 3, 2004, concluding the information was improperly obtained from Hommes by Wallace.

¶6     Following five unsuccessful appeals to this Court on varying grounds, Wallace, now acting as a self-represented litigant, filed a motion in the District Court in November 2010 seeking release of the protective order and remand to the District Court for a hearing on his contention that the arbitration award was procured by fraud.  The District Court denied his motion in all particulars.  This appeal follows.

## ISSUE

¶7     A restatement of the issue on appeal is whether the District Court erred in refusing to set aside the May 3, 2004 protective order.

## STANDARD OF REVIEW

¶8     The protective order was entered pursuant to the District Court's discretionary power pertaining to discovery activities.  We review a district court's ruling on a discovery matter for abuse of discretion.  *State of Or. ex rel. Worden v. Drinkwalter*, 216 Mont. 9, 12, 700 P.2d 150, 152 (1985) (citing *State ex rel. Guarantee Ins. Co. v. Dist. Ct.*, 194 Mont. 64, 67-68, 634 P.2d 648, 650 (1981)).

## DISCUSSION

¶9 The parties have been litigating various issues for nearly a decade, and this Court has affirmed the District Court five times already throughout their disputes. *See Wallace v. Hayes*, 2010 MT 170N, ¶ 3 (for citations of procedural history). Wallace now asks this Court to release the protective order entered in May 2004.

¶10 Wallace has provided little more than speculative allegations of fraud as reasoning to release the protective order. Wallace failed to show that the District Court did not comply with M. R. Civ. P. 26(c) in granting the protective order. Further, Wallace's motion to release the protective order was untimely, as it failed to comply with M. R. Civ. P. 60(b). Wallace filed his motion for relief seven years and five appeals later, which is not within the requisite 60 days or "within a reasonable time," as the Rule requires.

¶11 Finally, res judicata applies to bar Wallace's claim. Res judicata "prevents a party from re-litigating a matter that the party has already had an opportunity to litigate," and it "bars not only issues which were previously litigated, but also issues which could have been litigated in the prior proceeding." *Hollister v. Forsythe*, 277 Mont. 23, 27, 918 P.2d 665, 667 (1996). The four requisite criteria for a res judicata claim are met here. The evidentiary record in this case has been closed for seven years, and during that time Wallace never sought to vacate the arbitration award on grounds of fraud. Moreover, Wallace could have challenged the protective order as part of his first appeal; because he did not, he waived any claim that the protective order was granted improperly. Public policy behind res judicata supports barring Wallace's claim, as it provides "some end to litigation" and prevents judgments from being "attacked piecemeal and without end."

4

*Hollister*, 227 Mont at 27, 918 P.2d at 667; *Wellman v. Wellman*, 198 Mont. 42, 46, 643 P.2d 573, 575 (1982)**.**

¶12 We conclude the District Court did not abuse its discretion in refusing to set aside the protective order in 2010. Based on this conclusion and the absence of evidentiary facts supporting Wallace's allegations of fraud, we need not address Wallace's motion for remand to the District Court for a hearing on allegations of fraud.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are ones of judicial discretion and there clearly was not an abuse of discretion.

¶14 We affirm the judgment of the District Court.

/S/ PATRICIA COTTER

We concur:

/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS
/S/ JIM RICE